**PAUL CASTELEIRO, ESQ.  (PC0092)**
200 Washington Street, 5th Floor
Hoboken, New Jersey 07030
Telephone: 201-656-1696
Facsimile:  201-656-4688
*Attorney for Plaintiff*
*Andre Shakoor*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ANDRE SHAKOOR** | **Civil Action No.** |
| *Plaintiff,* | |
| *vs* | |
| | |
| **BOROUGH OF ELMWOOD PARK,** | |
| **ELMWOOD PARK POLICE DEPT.,** | **COMPLAINT** |
| **BRUCE HOGAN, individually and in his** | **AND JURY DEMAND** |
| **capacity as a Police Officer of the Elmwood** | |
| **Park Police Dept., VINCENT SCILLIERI,** | |
| **individually and in his capacity as a Police** | |
| **Officer of the Elmwood Park Police Dept.,** | |
| **RUTGERS UNIVERSITY, RUTGERS** | |
| **UNIVERSITY POLICE DEPT.,** | |
| **BRADLEY MORGAN, individually and** | |
| **in his capacity as a Police Officer of the** | |
| **Rutgers University Police Dept., GREGG** | |
| **A. HIPPE, individually and in his capacity** | |
| **as a Police Officer of the Rutgers** | |
| **University Police Dept., and JOSEPH** | |
| **CHURCHILL, individually and in his** | |
| **capacity as a Police Officer of the Rutgers** | |
| **University Police Dept., JOHN DOES A to** | |
| **Z, whose true identities are presently** | |
| **unknown, individually and in their** | |
| **capacity as members of the Elmwood Park** | |
| **Police Dept. or members of the Rutgers** | |
| **University Police Department.** | |
| | |
| *Defendants.* | |

The plaintiff **Andre Shakoor** by way of complaint against the defendant says:

## Jurisdiction

1.      The plaintiff invokes the jurisdiction of this court pursuant to the provisions of 28 U.S.C. Sections 1331, 1343 (2 through 4) and the principle of pendent jurisdiction.

2.      The plaintiff's causes of action are based upon violations of 42 U.S.C. Sections 1983, 1985 (2) and (3), his Fourth Amendment rights to be free from unreasonable searches and seizure and to be free from arrest in the absence of probable cause, and/or a legal basis to believe a crime has been committed, and his Fifth and Fourteenth Amendment rights to due process of law and equal protection of the laws. The plaintiff invokes the pendent jurisdiction of this court regarding his common law claims against the defendants.

## Venue

3.      Venue is properly laid in the United States District Court for the District of New Jersey pursuant to 28 U.S.C. Section 1391(b) in that substantially all of the acts complained of herein occurred in the district and the defendants are citizens of, reside in, may be found within and/or transact affairs in this district.

## The Parties

4.      The plaintiff **Andre Shakoor** is an individual residing at, 1530 Center Street, Hillside, County of Essex and State of New Jersey.

5.      The defendant **Borough of Elmwood Park**, a body politic or municipal corporation formed and existing under and by virtue of the laws of the State of New Jersey maintaining offices at Municipal Building, 182 Market Street, Elmwood Park, New Jersey 07407.

6.      The defendant **Elmwood Park Police Department**, a governmental unit of the Borough of Elmwood Park charged with the law enforcement and safety responsibility within Elmwood Park with offices at Municipal Building, 182 Market Street, Elmwood Park, New Jersey 07407.

7.      The defendant **Bruce Hogan** was at all relevant times a member of the **Elmwood Park Police Department**.

8.      The defendant **Vincent Scillieri** was at all relevant times a member of the **Elmwood Park Police Department.**

9.      The defendant **Rutgers University** is a public corporation funded in part by the State of New Jersey consisting of departments, colleges, schools, and other units and extensions maintained by the said corporation.

10.     The defendant **Rutgers University Police Department** is a police agency within the defendant **Rutgers University** charged with law enforcement and safety responsibility within **Rutgers University**.

11.     The defendant **Bradley Morgan** was at all times relevant a member of the **Rutgers University Police Department.**

3

12.     The defendant **Gregg A. Hippe** was at all times relevant a member of the **Rutgers University Police Department**.

13.     The defendant **Joseph Churchill** was at all times relevant a member of the **Rutgers University Police Department**.

14.     The defendants **John Does A to Z** were at all relevant times members of either the **Elmwood Park Police Department** or the **Rutgers University Police Department** and had responsibility for the supervision and oversight of members of the **Elmwood Park Police Department** or the **Rutgers University Police Department**, most particularly in setting forth the procedures and determining legal sufficiency and or factual basis for the issuance of criminal complaints by members of their respective police departments, and/or were members of either the **Elmwood Park Police Department** or the **Rutgers University Police Department** who participated in the decision to issuance a warrant for the arrest of the plaintiff, and/or the arrest of the plaintiff.

### Allegations Common to All Counts

15.     On or about September 20, 2007, A.M., a student at Rutgers University, Newark Division, reported the loss of his Gateway laptop computer, serial number T006931010432, from the Rutgers University Campus Center, 350 MLK Blvd., Newark, New Jersey.

16.     The missing laptop computer was equipped with a "Lojack" tracking

4

system, which activates when a user of the computer goes on the internet.

17.     A security video camera in the Campus Center was able to capture the individual who took A.M.'s laptop computer in the act of taking the computer.

18.     The individual caught on the videotape was bearded, and clearly was not the plaintiff Andre Shakoor.

19.     On or about September 21, 2007 Andre Shakoor purchased a Gateway laptop computer from Malam Trading Co., Inc. in East Orange, New Jersey for $400.00. [Attached as Exhibit A is Mr. Shakoor's receipt for the computer.]

20.     On or about September 27, 2007 the defendant Churchill learned through the monitoring agency for A.M.'s. Lojack system that the computer was associated with an IP address at the Town House Motel in Elmwood Park, New Jersey.

21.     On September 28, 2007 defendants Scillieri, Morgan, Hippe and Churchill went to the Town House Motel, spoke to a clerk named Phyllis and asked her if she could identify the individual caught on video taking A.M.'s computer. Phyllis could not identify the individual as being a resident at the motel.

22.     On October 4, 2007 the Rutgers University Police Department traced A.M.'s laptop computer through the Lojack system on the computer to Mr. Shakoor who had paid a traffic ticket using the computer, at his residence at the Town House Motel in Elmwood Park, New Jersey, and the defendants Scillieri, Morgan, Hippe, and Churchill again went to Town House Motel in Elmwood Park, New Jersey.

23.     The defendants Scillieri, Morgan, Hippe and Churchill approached the plaintiff as he drove into the parking lot of the Town House Motel, stopped him, represented to the plaintiff that they were looking for drugs , and requested permission to search his motor vehicle and room.

24.     At the time the defendants requested that the plaintiff consent to a search of his motor vehicle and room they were not looking for drugs and in so representing they obtained the plaintiff's consent to search his motor vehicle and room based on a false pretense, and in the absence of a knowing and voluntary waiver of the plaintiff's rights.

25.     During the search of the plaintiff's motor vehicle the defendants found the laptop computer the plaintiff purchased from Malam Trading Co., Inc.

26.     Upon finding the laptop computer the defendants Scillieri, Morgan, Hippe and Churchill questioned the plaintiff as to how he acquired it and the plaintiff explained to the defendants that he purchased the laptop computer at Malam Trading Co., Inc. for $400.00 on September 21, 2007.

27.     The laptop computer purchased by the plaintiff bore no indicia that it was owned by someone else or was stolen.

28.     Despite knowing that the plaintiff was not the individual in the surveillance photo who took the computer and that Mr. Shakoor lawfully purchased the laptop the defendants Scillieri, Morgan, Hippe and Churchill arrested him without

6

conducting any further investigation.

29.     The defendants Scillieri, Morgan, Hippe and Churchill took the plaintiff into custody and transported him to the Elmwood Park Police Department where he was detained, fingerprinted, photographed, and released on his own recognizance.

30.     Prior to the defendants releasing the plaintiff he was given Elmwood Park Municipal Complaint No. S-2007-0000582-211, signed by the defendant Scillieri, charging him with the knowing possession of property belonging to another, a third degree offense punishable by up to 5 years imprisonment under New Jersey law, N.J.S.A. 2C:43-6a(3).  The complaint alleged the following:

> Within the jurisdiction of this court, commit the offense of theft by knowingly possessing moveable property belonging to another, specifically by purchasing a gateway laptop computer from Malam Trading Co., LLC that was reported stolen from a student while attending Rutgers, the State University in Newark New Jersey in violation of N.J.S. 2C:20-7A

31     At the time the defendants Scillieri, Morgan, Hippe and Churchill arrested the plaintiff they knew he was not the individual who stole the computer and that he had purchased the computer from Malam Trading Co., Inc..

32.     Subsequent to his release the plaintiff was forced to retain the services of an attorney to represent him on the indictable criminal charges filed against him by the defendant Scillieri.

33.     On or about October 17, 2007 the defendants Hippe and Churchill spoke to

Malam Almujahid of Malam Trading Co., Inc., who acknowledged selling on consignment the laptop computer to the plaintiff and identified the individual who brought the Gateway laptop to him as being an individual he knew by the name of Hassan and provided them with Hassan's telephone number.

34.     The defendants Morgan, Hippe and Churchill traced the telephone number Mr. Almujahid gave to them to 9 Summit Street, Apt. 1407, Newark, New Jersey.

35.     At 9 Summit Street, Apt. 1407, Newark, New Jersey the defendants Hippe and Churchill found an individual by the name of Darrin Brookins who "matched the description of the suspect that was captured on video stealing the laptop."

36.     Darrin Brookins admitted to stealing the laptop and selling it to Mr. Almujahid.

37.     During the pendency of the charges, counsel for the plaintiff requested of the defendant Hippe and Rutgers University Police Department that he be provided with all photographs and reports but the defendant Hippe and Rutgers University Police Department did not provide the evidence that Brookins was the perpetrator and that Mr. Almujahid had identified him as being the individual who sold the laptop to Malam Trading Co. despite the fact they were clearly exculpatory, and as a result the prosecution of the plaintiff was prolonged.

38.     The defendants failed to disclose to the plaintiff the fact that they had spoken to Malam Almujahid, who admitted to selling the laptop computer to the

plaintiff, shown him photographs of the perpetrator in the act of stealing the laptop, that Malam Almujahid had identified the perpetrator, and that Darrin Brookins admitted to being the perpetrator. It was not until on or about February 3, 2009 that the reports concerning these events were supplied to the plaintiff by the prosecutor despite repeated demands of the plaintiff to be supplied with the photographs of the perpetrator in the act of stealing the laptop and all reports concerning the viewing of the photographs by anyone including but not limited to Phyllis, the motel clerk, and Malam Almujahid.

39.     The evidence in the defendants' possession clearly established that Mr. Shakoor legitimately purchased the laptop computer from Malam Trading for value and that he did not knowingly purchase or possess stolen property, nevertheless, the defendants refused to disclose it to the plaintiff and persisted in their prosecution of the plaintiff.

40.     After the filing of the criminal complaint against him, the plaintiff was required to make numerous court appearances in the matter in the Superior Court of New Jersey, Law Division, on the felony complaint, the Elmwood Park Municipal Court and the Municipal Court, Bergen County. Despite knowing the plaintiff was innocent of the charges it was not until March 26, 2009, the preemptory date for trial, that the charges were dismissed on the motion of the prosecution.

41.     On or about December 28, 2007 the plaintiff filed, pursuant to N.J.S. 59:8-1 et. seq. a Notice of Claim against the defendants

9

**FIRST COUNT**
**42 U.S.C. § 1983 Fourth and Fourteenth Amendment Claims for False Arrest,**
**Malicious Prosecution and False Imprisonment**

42.    Plaintiff incorporates the allegations contained in Paragraphs 1 through 41 as if fully set forth herein at length.

43.    At all times relevant to this action the defendants acted under color of laws of the State of New Jersey and the **Borough of Elmwood Park Police Department and Rutgers University Police Department** and/or in conspiracy with each other acting under color of the law of the State of New Jersey and under authority and custom and usage of the **Borough of Elmwood Park and the Elmwood Park Police Department and Rutgers University and the Rutgers University Police Department**.

44.    The defendants in reckless disregard to the rights of the plaintiff did together and/or in combination with one or more other defendants arrest, search, fingerprint, photograph, and prosecute the plaintiff despite knowing he did not knowingly possess property belonging to another in violation of N.J.S. 2C:20-7.

45.    The plaintiff has a United States Constitutional right to life, liberty the pursuit of happiness and the equal protection of the laws.

46.    The plaintiff has a United States Constitutional right to be free from unreasonable searches and seizures and to be free from arrest without probable cause and/or based upon legally insufficient factual grounds, and to be free from malicious prosecution..

10

47.    At no time did the defendants have probable cause and/or a legal basis to believe the plaintiff had knowingly possessed stolen property, nevertheless, he was arrested on a warrant and charged with that crime.

48.    The defendant **Borough of Elmwood Park** is charged with the responsibility of prescribing the powers of members of the **Elmwood Park Police Department** for insuring that all members of the **Elmwood Park Police Department** are properly trained and comprehend the legal limits of their powers, and for adopting rules and regulations for the governing of the defendant **Elmwood Park Police Department**.

49.    The defendant **Rutgers University** is charged with the responsibility of prescribing the powers of members of the **Rutgers University Police Department** for insuring that all members of the **Rutgers University Police Department** are properly trained and comprehend the legal limits of their powers, and for adopting rules and regulations for the governing of the defendant **Rutgers University Police Department**.

50.    At all times relevant to this action the defendants **Borough of Elmwood Park, Rutgers University, Elmwood Park Police Department, and Rutgers University Police Department** maintained a reckless and grossly inadequate set of procedures, standards, criteria, guidelines, training, disciplining and/or supervisory review of members of its force.

51.    As a direct and proximate result of the defendants **Borough of Elmwood**

11

Park's and **Elmwood Park Police Department's**, **Rutgers University's and Rutgers University Police Department's** inadequate maintenance of procedures, standards, criteria, guidelines, training, disciplining, supervision of members of the police force, the defendants **Hogan, Scillieri, Morgan, Hippe and Churchill** and others were able to exercise police powers and to cause issuance of a criminal complaint against the plaintiff in the absence of probable cause to believe he had, or was about to commit a criminal offense, and to subject him to criminal prosecution which bore the potential for him to suffer an additional loss of freedom and property.

52.     As a direct and proximate result of the inadequate standards, procedures, guidelines, criteria, training, disciplining, supervising and the practices, customs, and usage of the **Borough of Elmwood Park, Elmwood Park Police Department**, **Rutgers University, and Rutgers University Police Department** in reckless disregard of the plaintiff's rights, the conduct of the defendants **Hogan, Scillieri, Morgan, Hippe, Churchill and John Doe A to Z** in reckless disregard of the plaintiff's rights, served individually, jointly and/or severally to deprive the plaintiff of his right to be free from unreasonable searches and seizures, false arrest, malicious prosecution, abuse of process, his right to due process of law and equal protection of the law and his right to be free from cruel and unusual punishment as guaranteed under the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the Constitution of the United States all in violation of 42 U.S.C. 1983, 1985(2) and (3), and Fourth, Fifth, Sixth, Eighth and Fourteenth

12

Amendments to the Constitution of the United States.

53.    As a direct and proximate result of the conduct of the defendants the plaintiff lost his freedom, suffered the humiliation and degradation of being publicly arrested, prosecuted, and was forced to spend monies to obtain his freedom from imprisonment to defend himself against charges for which there was no legal basis.

54.    The defendants in reckless disregard to the rights of the plaintiff did violate and/or conspire to violate the plaintiff's Fourth Amendment rights to be free from unreasonable search and seizures, and his right to not suffer arrest without probable cause and/or legally sufficient factual basis, his Fifth and Fourteenth Amendments rights to due process and equal protection of the law, his right to exculpatory evidence, and his right to not be prosecuted for a crime he did not commit, in violation of the Fourteenth Amendment to the United States Constitution, and in violation of the civil rights of the plaintiff under 42 U.S.C. Sections 1983 and/or 1985, Subsection 2 and 3.

**WHEREFORE**, plaintiff **Andre Shakoor** demands judgment against the defendants **Borough of Elmwood Park, Elmwood Park Police Department, Rutgers University, Rutgers University Police Department, Bruce Hogan, Vincent Scillieri, Bradley Morgan, Gregg A. Hippe, Joseph Churchill, and John Does A to Z, individually, jointly and severally** for damages together with interest, punitive damages,  attorney's fees, costs of suit, and such other and further relief to which he may be entitled under the law.

13

## SECOND COUNT
## 42 U.S.C. § 1983 Civil Rights Conspiracy Claim

55.     The plaintiff incorporates the allegations contained in Paragraphs 1 through 54 as if fully set forth herein at length.

56.     The defendants in filing criminal charges against the plaintiff did so in reckless disregard to the rights of the plaintiff and in the absence of probable cause and/or a legally sufficient factual basis.

57.     The defendants in reckless disregard to the plaintiff's rights conspired and agreed by and between and amongst themselves to falsely arrest, prosecute and deprive the plaintiff of his liberty and property, in reckless disregard to the plaintiff's rights.

58.     As a direct and proximate result of the foregoing the plaintiff suffered a violation of his constitutional rights and civil rights as set forth above in Count One which resulted in his unlawful detention, and prosecution and as a result of all of the above he has endured and will endure extreme pain and damage to his detriment and loss.

59.     The conspiracy of the defendants was done with reckless disregard and reckless indifference to the rights and safety of the plaintiff thereby entitling the plaintiff to both compensatory and punitive damages together with legal fees and costs of suit.

60.     As a result of the defendants' actions the plaintiff was detained, searched, fingerprinted, photographed, and forced to defend himself on a charge for which there was no basis to believe his guilt.

14

61.   On March 26, 2009 the plaintiff was completely exonerated when the criminal charges were dismissed.

62.   As a direct and proximate result of the conduct of the defendants the plaintiff lost his freedom, suffered the humiliation and degradation of being publicly charged with a criminal offense, and was forced to spend monies to obtain his freedom from imprisonment and to defend himself against charges for which there was no legal basis.

**WHEREFORE**, plaintiff **Andre Shakoor** demands judgment against the defendants **Borough of Elmwood Park, Elmwood Park Police Department, Rutgers University, Rutgers University Police Department, Bruce Hogan, Vincent Scillieri, Bradley Morgan, Gregg A. Hippe, Joseph Churchill and John Does A to Z, individually, jointly and severally,** for conspiracy to violate his civil and constitutional rights, awarding him compensatory and punitive damages, together with interest, attorney's fees, costs of suit, and such other and further relief to which he may be entitled under the law.

**THIRD COUNT**
**42 U.S.C. § 1983 Conspiracy Claim**

63.   The plaintiff incorporates the allegations contained in Paragraphs 1 through 62 as if fully set forth herein at length.

64.   The individual defendants in this matter were experienced investigators and police officers who could not have reasonably brought criminal charges against the

15

plaintiff in good faith on the basis of probable cause under all of the circumstances described herein above and, therefore, were acting in reckless disregard and reckless indifference to the rights of the plaintiff.

65.     The conduct of the defendants in instituting and continuing criminal proceedings against the plaintiff while suppressing exculpatory evidence was in reckless indifference and reckless disregard to plaintiff's rights, safety, and well being.

66.     Defendants having instituted, prosecuted and prolonged criminal proceedings against the plaintiff without probable cause, which proceedings were terminated in favor of the plaintiff through dismissal of all charges entitles the plaintiff to recover for the damages more fully described herein above, on the basis of malicious prosecution.

**WHEREFORE**, plaintiff **Andre Shakoor** demands judgment against the defendants **Borough of Elmwood Park, Elmwood Park Police Department, Rutgers University, Rutgers University Police Department, Bruce Hogan, Vincent Scillieri, Bradley Morgan, Gregg A. Hippe, Joseph Churchill and John Does A to Z, individually, jointly and severally,** for conspiracy to violate his civil and constitutional rights, awarding him compensatory and punitive damages, together with interest, attorney's fees, costs of suit, and such other and further relief to which he may be entitled under the law.

## FOURTH COUNT
### State Law False Arrest, Malicious Prosecution and False Imprisonment Claims

67.    The plaintiff incorporates the allegations contained in Paragraphs 1 through 66 as if fully set forth herein at length.

68.    Defendants, despite knowing that probable cause did not exist to arrest, charge, and prosecute the plaintiff, they in reckless disregard and reckless indifference to the plaintiff with malice, arrested, charged and prosecuted the plaintiff for the knowing possession of the property of another under N.J.S. 2C:20-7 and as a result the plaintiff lost his freedom and was forced to live with criminal charges hanging over his head and thereby suffered a loss in the quality of his life.

69.    Plaintiff's arrest and imprisonment by defendants was without lawful justification, probable cause, or good faith and was accomplished in reckless disregard and/or reckless indifference to the rights of the plaintiff.

70.    As a direct and proximate result of the conduct of the defendants described herein above, the plaintiff sustained the injuries and losses described more fully herein above.

**WHEREFORE**, plaintiff **Andre Shakoor** demands judgment against the defendants **Borough of Elmwood Park, Elmwood Park Police Department, Rutgers University, Rutgers University Police Department, Bruce Hogan, Vincent Scillieri, Bradley Morgan, Gregg A. Hippe, Joseph Churchill and John Does A to Z, individually, jointly and severally,** for conspiracy to violate his civil and constitutional

17

rights, awarding him compensatory and punitive damages, together with interest, attorney's fees, costs of suit, and such other and further relief to which he may be entitled under the law.

## FIFTH COUNT
### Infliction of Emotional Distress

71.    The plaintiff incorporates the allegations contained in Paragraph 1 through 70 as if fully set forth herein at length.

72.    The defendants recklessly and/or negligently, in causing the wrongful arrest, prosecution and detention of the plaintiff, caused grievous and continuing injuries to the plaintiff.

73.    The defendants, in breach of their duties owed to the plaintiff proximately caused the plaintiff to be falsely arrested, maliciously prosecuted, and wrongly detained. The defendants actions caused the plaintiff public humiliation and embarrassment and to fear freedom.

**WHEREFORE**, plaintiff **Andre Shakoor** demands judgment against the defendants **Borough of Elmwood Park, Elmwood Park Police Department, Rutgers University, Rutgers University Police Department, Bruce Hogan, Vincent Scillieri, Bradley Morgan, Gregg A. Hippe, Joseph Churchill, and John Does A to Z, individually, jointly and severally,** for conspiracy to violate his civil and constitutional rights, awarding him compensatory and punitive damages, together with interest, attorney's fees, costs of suit, and such other and further relief to which he may be entitled

under the law.

**SIXTH COUNT**
**State Law Respondent Superior Claims**

74.     The plaintiff incorporates the allegations contained in Paragraphs 1

through 73 as if fully set forth herein at length.

75.     The defendants **Borough of Elmwood Park, Elmwood Park Police**

**Department, Rutgers University, and Rutgers University Police Department** are

liable for the conduct of the individual co-defendants who were its agents, servants,

and/or employees and who at all times relevant hereto were acting within the scope of

their authority and employment on behalf of **Borough of Elmwood Park, Elmwood**

**Park Police Department, Rutgers University, and Rutgers University Police**

**Department** in the absence of good faith and in reckless disregard or reckless

indifference to the rights of the plaintiff.

76.     The **Borough of Elmwood Park, Elmwood Park Police Department,**

**Rutgers University and Rutgers University Police Department** are liable for its

agents' state law torts of false arrest, malicious prosecution, false imprisonment, reckless

infliction and negligent infliction of emotional distress under the doctrine of respondent

superior.

**WHEREFORE**, plaintiff **Andre Shakoor** demands judgment against the

defendants **Borough of Elmwood Park, Elmwood Park Police Department, Rutgers**

**University, Rutgers University Police Department** individually, jointly and severally,

19

awarding him compensatory and punitive damages, together with interest, attorney's fees, costs of suit, and such other and further relief to which he may be entitled under the law.

## SEVENTH COUNT
### State Law Negligent Supervision

77.    The plaintiff incorporates the allegations contained in Paragraphs 1 through 76 as if fully set forth herein at length.

78.    The defendants **Borough of Elmwood Park, Elmwood Park Police Department, Rutgers University, and Rutgers University Police Department** were charged with the supervision of the individual defendants who acted in bad faith in that they recklessly disregarded the rights of the plaintiff.

79.    The individual defendants were able to act in reckless disregard to the rights of the plaintiff based upon the negligent supervision by the defendants.

**WHEREFORE**, plaintiff **Andre Shakoor** demands judgment against the defendants **Borough of Elmwood Park, Elmwood Park Police Department, Rutgers University, Rutgers University Police Department, Bruce Hogan, Vincent Scillieri, Bradley Morgan, Gregg A. Hippe, Joseph Churchill, and John Does A to Z, individually, jointly and severally,** for conspiracy to violate his civil and constitutional rights, awarding him compensatory and punitive damages, together with interest, attorney's fees, costs of suit, and such other and further relief to which he may be entitled under the law.

PAUL CASTELEIRO, ESQ.
*Attorney for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff Andre Shakoor hereby demands a trial by jury as to all issues in the within action.

PAUL CASTELEIRO, ESQ.
*Attorney for Plaintiff*

DATED:     September 14, 2009